**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| **Plaintiff,** ) ) | **CIVIL ACTION NO.** |
| ) | **502 C V 206** |
| v.        ) ) | |
| ) | **COMPLAINT** |
| WAL-MART STORES, INC., ) ) | |
| ) | |
| **Defendant.** ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of

the Civil Rights Act of 1991  to correct unlawful employment practices on the basis of sex

and to provide relief to Marcia Mitchell.  The Commission alleges that Defendant Wal-Mart

Stores, Inc. (hereafter "Defendant"), violated Title VII by subjecting Marcia Mitchell to a

sexually hostile work environment based upon her sex , female, transferring her to a less

desirable position in retaliation for complaining of the harassment, and constructively

discharging her from her employment.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337,

1343, 1345.  This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the

Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A..

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission of (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant  has continuously been and is now doing business in the State of Texas and the City of Texarkana, and has continuously had at least fifteen employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENTS OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Marcia Mitchell filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least June 1999, the Defendant has engaged in unlawful employment practices at its Texarkana, Texas, facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting her to a sexually hostile work environment based

2

upon her sex, and constructively discharging her from her employment. The Commission further alleges that Defendant violated Section (704)(a) of Title VII, 42 U.S.C. § 2000e-3(a), by transferring Ms. Mitchell to a less desirable position in retaliation for complaining of sexual harassment.

8.      The result of the foregoing practices has been to deprive Marcia Mitchell of equal employment opportunities because of her sex.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Marcia Mitchell.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages employees to create a sexually hostile environment.

B.      Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Marcia Mitchell and eradicate the effects of its past and present unlawful unemployment practices.

C.      Order the Defendant to make whole Marcia Mitchell by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay and pecuniary

damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to rightful place reinstatement under terms and conditions which will permit Ms. Mitchell to work free from discrimination.

D.      Order the Defendant to make Marcia Mitchell whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss often enjoyment of life, in amounts to be determined at trial.

E.      Order the Defendant to pay Marcia Mitchell punitive damages for its malicious conduct or reckless indifference described in paragraphs 7 and 10 above, in an amount to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

NICHOLAS M. INZEO
Acting Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

DEVIKA S. DUBEY
Senior Trial Attorney
Hawaii State Bar No. 5599

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(214) 655-3338
(FAX) 214  655-3331